**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 16 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CHINWEUBA NWANKWO,

     Plaintiff-Appellant,

v.

THE CITY OF AURORA,
COLORADO; PAUL TAUER,
as Mayor of the City of Aurora;
TOM MULDOON, individually and
as an officer of the Aurora Police
Department; DAVID PINEDA,
individually and as a code enforcement
officer for the City of Aurora; JIM
STROUD, individually and as a code
enforcement officer for the City of
Aurora; JIM EVERETT, as the Police
Chief of the City of Aurora; AURORA
ZONING DEPARTMENT,

     Defendants-Appellees.

No. 98-1428
(D.C. No. 96-WM-938)
(D. Colo.)

---

ORDER AND JUDGMENT [*]

---

Before **TACHA** , **KELLY** , and **BRISCOE** , Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Chinweuba Nwankwo, proceeding pro se, filed this action under 42 U.S.C. § 1983 against the City of Aurora, Colorado, the Aurora Zoning Department, and several city officials and employees in their individual and official capacities.  He alleged that defendants had violated his constitutional rights by selectively enforcing city code provisions and by arresting him without probable cause and with excessive force.  The district court dismissed the action with prejudice, pursuant to Fed. R. Civ. P. 37(b)(2), as a sanction for failure to obey discovery orders. [1]

Rule 37(b)(2) of the Federal Rules of Civil Procedure authorizes a court to enter an order dismissing the action if a party "fails to obey an order to provide or permit discovery."  We review such an order under the abuse of discretion standard.   See Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992).

---

[1]     In addition, the court dismissed claims against defendant Tom Muldoon, an Aurora police officer, under Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.  Because we affirm the dismissal under Fed. R. Civ. P. 37(b)(2), we do not reach issues relating to the Fed. R. Civ. P. 12(b)(6) ruling.

Although dismissal is a drastic sanction, it is appropriate in cases of willful misconduct. See id. Before entering such an order the court must examine: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." Id. at 921 (quotations and citations omitted).

The record shows that plaintiff repeatedly failed to meet his discovery obligations and, in spite of paying a monetary sanction for an earlier violation, ignored a court order compelling discovery. The district court addressed all of the necessary factors in determining that no lesser sanction would suffice. We hold that the district court acted within its discretion in dismissing this action and AFFIRM the dismissal for substantially the reasons set forth in the magistrate judge's order dated June 12, 1997. The mandate shall issue forthwith.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

-3-